UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                     CASE NO. 19-CR-20768-RNS-1

        Plaintiff,

vs.

EVELIO SUAREZ BRITO,

        Defendant.
_____/

**DEFENDANT, EVELIO SUAREZ BRITO'S**
**OBJECTIONS TO PRESENTENCE INVESTIGATION REPORT**

**COMES NOW** the Defendant, **EVELIO SUAREZ BRITO,** by and through his undersigned counsel, and presents herewith, his Objections to the Presentence Investigation Report ("PSI") [D.E. 20/27], and states as follows:

1.     **Objection to Paragraph 43: "Base Offense Level"**

The Defendant objects to paragraph 43 of the PSI insofar as it states, "Because the offense involved intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person, the offense level is increased by two levels, §2L1.1(b)(6). Therefore, the total base offense level is 23."

Specifically, it is abundantly clear that the Defendant had nothing whatsoever to do with the smuggling or transportation of aliens. His only function was that of a money launderer. As the Factual Proffer states, "From or around January 1993, and continuing to at least December 2018 or later, Evelio Suarez Brito assisted the criminal activities of George Ferrer Sanchez, and additional unnamed associates, *with the laundering of criminal proceeds* … SUAREZ BRITO continued to assist Ferrer Sanchez by serving as *one of his principal launderers of alien smuggling proceeds* through roughly the year 2018." (Emphasis supplied.) [D.E. 19]

Therefore, this two (2) level enhancement pertaining to the underlying offense should not apply to this Defendant, thereby making the base offense level 21, rather than 23.

    2.    **Objection to Paragraph 45: "Specific Offense Characteristics"**

The Defendant objects to paragraph 45 of the PSI insofar as it states, "Because (A) subsection (b)(2)(B) applies; and (B) the offense involved sophisticated laundering, the offense level is increased by two levels, §2S1.1(b)(3)."

The Defendant laundered money through his check cashing businesses, which was not created for the purpose of laundering funds related to the criminal activities of George Ferrer Sanchez. There was nothing sophisticated about the way funds were laundered.

Paragraph 35 of the Presentence Investigation Report states in-part, "Suarez stated that he cashed checks for Ferrer that had been written in his name, and his bakery's name, Chuli's Bakery, located in Miramar, Florida. Suarez also stated that an unindicted co-conspirator *dropped off smuggling proceeds at his check cashing stores*, Don Koky Enterprises Corp., Minimalist Solutions, and Doger Group, Inc., in Miami, approximately two to three times a week for Ferrer, and he stated that the largest amount that was ever dropped off was $150,000." (Emphasis supplied.)

Application Note 5 under this enhancement provides, "5. (A) Sophisticated Laundering under Subsection (b)(3).—For purposes of subsection (b)(3), "sophisticated laundering" means complex or intricate offense conduct pertaining to the execution or concealment of the 18 U.S.C. §1956 offense.

    Sophisticated laundering typically involves the use of–
    (i)   fictitious entities;
    (ii)  shell corporations;

   (iii) two or more levels (<u>i.e.</u>, layering) of transactions, transportation, transfers, or transmissions, involving criminally derived funds that were intended to appear legitimate; or
   (iv) offshore financial accounts.

 It is respectfully submitted that the money laundering conduct of the Defendant in this case did not involve any of the factors set forth above. Therefore, the two (2) level enhancement for sophisticated money laundering pursuant to U.S.S.G. §2S1.1(b)(3) should not apply in this instance.

  3. **<u>Objection to Paragraph 49</u>:  "Adjusted Offense Level"**

 The Defendant objects to Paragraph 49 of the PSI with regard to the assertion that the *adjusted offense level* should be 27.

 Specifically, when the two (2) level enhancement for an offense involving intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person pursuant to §2L1.1(b)(6) is removed, and the two (2) level sophisticated money laundering enhancement pursuant to §2S1.1(b)(3) is removed, the result would be an *adjusted offense level* of 23, rather than 27.

  4. **<u>Objection to Paragraph 53</u>:  "Total Offense Level"**

 The Defendant objects to Paragraph 53 of the PSI with regard to the assertion that the *total offense level* should be 24.

 Specifically, when the two (2) level enhancement for an offense involving intentionally or recklessly creating a substantial risk of death or serious bodily injury to another person pursuant to §2L1.1(b)(6) is removed, and the two (2) level sophisticated money laundering enhancement pursuant to §2S1.1(b)(3) is removed, and three (3) levels are deducted for acceptance of

responsibility pursuant to U.S.S.G. §3E1.1(a) and (b), the result would be a *total offense level* of 20, rather than 24.

     5.    **<u>Objection to Paragraph 58</u>: "Adult Criminal Convictions"**

The Defendant objects to Paragraph 58 of the PSI insofar as it designates three (3) criminal history points for Case No. 18-CR-20669-RNS.

Case No. 18-CR-20669-RNS and the case-at-bar (19-CR-20768-RNS-1) both concern the money laundering activities of the Defendant with overlapping time periods utilizing the Defendant's same check cashing businesses.

In-fact, on January 10, 2020 this case was transferred from the Honorable Darrin P. Gayles division to this Court for plea and sentencing in anticipation of an interrelated disposition pursuant to Section 2.15.00(C) of the Internal Operating Procedures of the United States District Court for the Southern District of Florida which instructs that:

> Whenever an action or proceeding is filed in the Court which involves subject matter which is a material part of the subject matter of another action or proceeding then pending before this Court, or for other reasons the disposition thereof would appear to entail unnecessary duplication of judicial labor if heard by a different Judge, the Judges involved shall determine whether the newly filed action or proceeding shall be transferred to the Judge to whom the earlier filed action or proceeding is assigned.

The effect of this transfer would essentially result in the conviction and sentence imposed in Case No. 18-CR-20669-RNS being treated as an interrelated proceeding and not treated as a wholly separate prior conviction triggering three (3) added criminal history points.

Additionally, it should be noted that all the information that the Government received concerning this case came from their very significant cooperator, the Defendant, who testified at his own Grand Jury proceeding, well-knowing that his testimony would give rise to the Indictment in this case.

Therefore, it is submitted that the Defendant should not receive three (3) criminal history points for Case No. 18-CR-20669-RNS when the Criminal History calculation is performed in this case.

6. **Objection to Paragraph 59: "Criminal History Computation"**

The Defendant objects to paragraph 59 of the PSI insofar as it states, "The defendant has a subtotal of *seven* criminal history points … Therefore, he has a total of *nine* criminal history points. According to the Sentencing Table in Chapter Five, Part A, nine criminal history points establish a criminal history category of IV." (Emphasis supplied.)

This paragraph should read that the Defendant has a subtotal of **four (4)** criminal history points for the reasons set forth in Defendant's objection to paragraph 58 above, thereby making a **total of six (6) criminal history points**. Therefore, the Defendant should have a **Criminal History of III.**

7. **Objection to Paragraph 101: "Sent. Options - Guideline Provisions"**

The Defendant objects to Paragraph 101 of the PSI inasmuch as it reads, "Based upon a total offense level of 24 and a criminal history category of IV, the guideline imprisonment range is 77 to 96 months."

It is submitted that the appropriate advisory guidelines sentence range should read as follows: Based on a total offense level of 20 and a criminal history category of III, the *advisory guideline imprisonment range* is **41 to 51 months**, before the application of any applicable downward departures and/or variances that this Honorable Court may deem appropriate.

Further, it should be noted that the Court provided that the sentence imposed in Case No. 18-CR-20669-RNS would run concurrently with the sentence to be imposed in this case. [See D.E. 66 in Case No. 18-CR-20669-RNS]

**WHEREFORE**, the Defendant, **EVELIO SUAREZ BRITO**, respectfully prays that this Honorable Court sustain the within Objections to the Presentence Investigation Report and direct the United States Probation Office to amend the Presentence Investigation Report as requested above.

> Respectfully submitted,
>
> Ana M. Davide, Esq.
> Florida Bar No. 875996
> 2929 SW 3rd Ave., Suite 420
> Miami, Florida 33129
> Telephone: (305) 854-6100
> Fax: (305) 854-6197
> E-mail: ana@anadavidelaw.com
> (Counsel for Def., *Evelio Suarez Brito.*)
> **/s/ *Ana M. Davide*_____**
> Ana M. Davide, Esq.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 11th day of August, 2020, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

> Ana M. Davide, Esq.
> Florida Bar No. 875996
> 2929 SW 3rd Ave., Suite 420
> Miami, Florida 33129
> Telephone: (305) 854-6100
> Fax: (305) 854-6197
> E-mail: ana@anadavidelaw.com
> (Counsel for Def., *Evelio Suarez Brito.*)
> **/s/ *Ana M. Davide*_____**
> Ana M. Davide, Esq.

## SERVICE LIST

**United States of America v. Evelio Suarez Brito**
**Case No. 19-CR-20768-RNS-1**
**United States District Court, Southern District of Florida**

Ignacio Jesus Vazquez , Jr., A.U.S.A.
United States Attorney's Office
Miami Special Prosecutions Section
99 Northeast 4th Street, Room 806
Miami, FL 33132
305-961-9318
Fax: 305-536-4699
Email: ignacio.vazquez@usdoj.gov

Sherika Prospere
U.S. Probation Officer
Wilkie D. Ferguson, Jr. United States Courthouse
400 North Miami Avenue, 9th Floor South
Miami, FL 33128
305-523-544 7
sherika_prospere@flsp.uscourts.gov