**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-20768-CR-SCOLA**

UNITED STATES OF AMERICA

v.

EVELIO SUAREZ BRITO,

      Defendant.

_____/

**UNITED STATES OF AMERICA'S SENTENCING MEMORANDUM WITH RESPONSE TO OBJECTIONS TO PRESENTENCE REPORT (DE30) AND MOTION FOR DOWNWARD VARIANCE (DE33)**

The United States, by and through the undersigned Assistant United States Attorney, files the following Sentencing Memorandum with Responses to the defendant's Objections to the Presentence Investigation Report (DE 30) and Motion for Downward Variance (DE 33).

As addressed more fully below, the United States submits that the defendant's conduct warrants a sentence within the advisory guideline range.

**I.  BACKGROUND**

This prosecution stems from a multi-agency initiative targeting a criminal network operating in Florida, Cuba, Mexico, the Dominican Republic, Haiti, and elsewhere. Through the investigation, defendant Evelio Suarez Brito (BRITO) was identified as a principal money launderer for a participant in the network named George Ferrer Sanchez. Sanchez was identified as the leader of criminal group operating within the network which was responsible for a myriad of for profit motivated crimes, and unlawful conduct to perpetuate their activities. Most recently Sanchez and his associates were principally involved in the illicit movement of migrants, along with other crimes committed to advance the smuggling operation.

Through his admissions, BRITO has acknowledged laundering funds for Sanchez over a long time span. Indeed BRITO has acknowledged directly participating in crimes with Sanchez since both lived in Cuba in the early 1990s and through their immigration to the United States. BRITO has acknowledged laundering funds for Sanchez, and other distinct criminal interests, functioning as veritable illicit banker. For example BRITO acknowledged that he laundered funds for individuals such as Sanchez because he could both charge interest and tap into his clients' funds to float his own endeavors.

## II. RESPONSE TO DEFENDANT'S OBJECTIONS TO THE PIR (DE 30)

### a. Defense Objection as to Paragraph 43: Base Offense Level

The United States concurs with the defense's assertion that BRITO's conduct in the charged scheme with Sanchez related exclusively to the laundering of proceeds.

Based on the evidence known to the United States, there is no basis for concluding that the defendant knew that his coconspirators' conduct that created a substantial risk of death or serious bodily injury to others. §§ 1B1.3, 1(b)(6) and 2L1.1(b)(6). Further, because the United States is without affirmative evidence to show that it was reasonably foreseeable to the defendant that he was laundering funds generated by conduct creating a substantial risk of death or serious bodily injury, the enhancement is unwarranted by either direct conduct or vicarious liability.

### b. Defense Objection to Paragraph 45 as to Sophisticated Money Laundering Enhancement

The adjustment under § 2S1.1(b)(3) is warranted based on BRITO's participation in a multi-faceted scheme to thwart identification of the illicit origin of Sanchez's laundered assets. BRITO has acknowledged how illicit proceeds flowed into his business through cash drop-offs and fraudulent checks, before being out layed to Sanchez through the physical transfer of cash, at

times concealed in common place items such as rice cookers shipped to Mexico. These laundering efforts were compounded by a scheme to use real estate and other transfers to shield Sanchez's illicit profits.

The Sentencing Guidelines provide for a two-level offense level enhancement in cases that involve sophisticated means, which applies when "the offense otherwise involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means." USSG § 2B1.1(b)(10)(c). "'Sophisticated means' means especially complex or especially intricate offense conduct pertaining to the execution or concealment of the offense." USSG § 2B1.1, cmt. N. 9(B). "Conduct such as hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts" ordinarily indicates sophisticated means. *Id*. "There is no requirement that each of a defendant's individual actions be sophisticated in order to impose the enhancement." *United States v. Ghertler*, 605 F.3d 1256, 1267 (11th Cir. 2010). "[I]t is sufficient if the totality of the scheme was sophisticated." *Id.*; *see also United States v. Robinson*, 538 F.3d 605, 607-608 (7th Cir. 2008) (holding that a district court does not err "merely because more intricate schemes can be envisioned" and finding that the sophisticated means enhancement was appropriate where the defendant printed fraudulent checks with routing and account numbers of legitimate entities and a telephone number that, if dialed, allowed him to confirm the check's authenticity to the caller); *United States v. Jones*, 530 F.3d 1292, 1306 (10th Cir. 2008) (finding that a sophisticated means enhancement was appropriate in a case where the defendants used generic check stock and a home computer to create fraudulent checks and recruited a bank employee to provide customer bank account information).

Accordingly, given the scope of BRITO's work to conceal and perpetuate Sanchez's activities, the sophisticated means enhancement is appropriately imposed.

### c. Defense Objection to Paragraph 49 as to the Adjusted Offense Level

Based on the preceding objection responses, the United States submits that the adjusted offense level is 25.

### d. Defense Objection to Paragraph 53 as to the Total Offense Level

Based on the preceding objection responses, the United States submits that the total offense level, when considering acceptance of responsibility, is 22.

### e. Defense Objection to Paragraphs 58 and 59 as to Criminal History Computation

The defendant has proffered that his scheme with Sanchez formed a money laundering conspiracy that was distinct from the offenses in Case No. 18-20669-CR-Scola. Accordingly, while it is true that the Sanchez scheme overlapped with BRITO's conduct in Case No. 18-20669-CR-Scola in terms of both time and space, each activity related to separate criminal endeavors. Conduct that forms part of an instant offense is properly identified as relevant conduct rather than as a prior sentence. *United States v. Query*, 928 F.2d 383, 386 (11th Cir. 1991). However, prior sentences are not considered part of the instant offense absent a connection between the events. *See United States v. Smith*, 253 Fed. Appx. 841, 844 (11th Cir. 2007). Based on the evidence submitted, and the BRITO's admissions, the United States cannot agree that Case 19-20768-CR-Scola and 18-20669-CR-Scola are related by anything other than their temporal and physical occurrence. Accordingly, the United States submits that 18-20669-CR-Scola does not constitute relevant conduct. As a result, Case 18-20669-CR-Scola is properly scored, leaving BRITO with nine criminal history points.

      **f. Defense Objection to Paragraphs 101 as to Guideline Range**

Based on the above responses, the United States submits that guideline is 64 to 78 months based on a total offense level of 22 and a criminal history category of IV.

### III. RESPONSE TO MOTION FOR DOWNWARD VARIANCE AND SENTENCING RECOMMENDATION (DE 33)

    *a. Section 3553(a)(1):   Nature and Circumstances of the Offense; History and Characteristics of the Defendant.*

Through the investigation, the United States identified BRITO as an essential cog in the criminal endeavors of George Ferrer Sanchez. Although Sanchez's violent activities appear to have been unknown to BRITO, the defendant nonetheless provided financial and institutional roots to pervasive criminality.

BRITO has acknowledged that for nearly three decades, he participated in, or financially facilitated, Sanchez's criminal activities that spanned the nations of Cuba, Mexico, and the United States. BRITO and Sanchez's alliance involved the distribution of narcotics, dealing in stolen property, fraud ventures, alien smuggling, and money laundering. Moreover, the gravity of BRITO's conduct weighs heavier when considering that Sanchez was but one client in the defendant's career as a shadow banker for criminal interests.

    *b. Section 3553(a)(2)(3) and (4): The need for the sentence imposed to be weighed in light of available sentences and the guideline range*

BRITO comes to sentencing having run a criminal finance operation that knowingly invested in human smuggling, theft, fraud, and other crimes. Unknowingly, the defendant also advanced a criminal group that used extortion, kidnapping, robbery, and other forms of violence as business tactics. Accordingly, a proper sentence is important for both BRITO as an individual offender but also to impart respect for the rule of law to like-minded criminals.

As BRITO's motion addresses, the United States has relied upon the defendant a witness against Sanchez and his associates. While the United States has thus far found BRITO to have earnestly accepted responsibility, assessment of his cooperation is unripe. Accordingly, the United States' sentencing recommendation is based on BRITO's conduct separate and apart from the impact of cooperation both offered and anticipated.

The United States submits that BRITO's extended and sophisticated crimes make a within the guidelines sentence, running concurrent to Case No. 18-20669-CR-Scola, appropriate.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that the Court overrule the defendant's contested objections and impose a sentence within the guideline range running concurrent with Case No. 18-20669-CR-Scola.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:   /s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney
Florida Bar No. 16275
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9318
Fax: (305) 530-7976

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was uploaded onto the Court's CM/ECF system and sent via CM/ECF to all counsel of record on September 8, 2020.

/s/ Ignacio J. Vázquez, Jr.
Ignacio J. Vázquez, Jr.
Assistant United States Attorney